UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
CHRIS REMINDER, et al., : CASE NO. 5:04-cv-02581
:
        Plaintiffs, :
:
vs. : OPINION & MEMORANDUM
: [Resolving Doc. No. 81]
ROADWAY EXPRESS, Inc. :
:
        Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On December 30, 2004, Plaintiffs Chris Reminder, Dave Campanale, Dave Nowakowski, and Mark Shelton, sued Defendant Roadway Express, Inc. ("Roadway"). Plaintiffs' amended complaint makes claims for employment age discrimination, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., and the Ohio Revised Code. The plaintiffs also asserted a claim of disability discrimination and alleged that the defendant violated the Employee Retirement Income Security Act ("ERISA") or breached a quasi-contractual relationship by offering the plaintiffs severance packages that were not consistent with the defendant's severance policy and practices.

On November 28, 2005, the defendant filed a Motion to Dismiss Plaintiffs' Ohio Revised Code Age Discrimination Claims for Failure to State a Claim Upon Which Relief Can Be Granted. [Doc. No. 81]. With its motion, the defendant claims that the plaintiffs cannot make a claim for age discrimination under any provision of Ohio Revised Code Chapter 4112, because such a claim

-1-

Case No. 5:04-cv-02581
Gwin, J.

would be barred either by the applicable statute of limitations or by that Chapter's election of remedies provisions.

For the reasons stated below, the Court DENIES the defendant's motion to dismiss the plaintiffs' state law age discrimination claims. The Court finds that the plaintiffs sufficiently allege claims under Ohio Rev. Code § 4112.14 or under § 4112.99, if premised upon a violation of § 4112.14.

## I. Background

Plaintiffs Reminder, Shelton, Campanale, and Nowakowski are all former employees of Defendant Roadway. The defendant fired each of the plaintiffs during a reduction in force that occurred in September 2003. At the time, each of the plaintiffs was over the age of forty.

On January 12, 2004, the plaintiffs filed a charge of age discrimination with the United States Equal Employment Opportunity Commission ("EEOC") in Cleveland, Ohio. On October 21, 2004, the EEOC issues a right to sue letter to each of the plaintiffs. Just over two months later, on December 30, 2004, the plaintiffs filed the instant suit.

On August 8, 2005, Defendant Roadway moved for summary judgment on all of the plaintiffs' claims. The plaintiffs opposed this motion. After reviewing the evidence, the Court granted the defendant's motion for summary judgment as to the plaintiffs' disability discrimination, ERISA, and state law breach of contract claims. The Court also granted the defendant's motion as to Plaintiff Nowakowski's age discrimination claim. However, the Court found that Plaintiffs Reminder, Shelton, and Campanale had presented sufficient evidence to create a material issue of fact with regard to their federal and state law age discrimination claims. The defendant now requests that the Court dismiss the plaintiffs' state law claims.

Case No. 5:04-cv-02581
Gwin, J.

## II. Legal Standard

The Court can dismiss a complaint only when "it is clear that the plaintiff can prove no set of facts in support of [the] claim that would entitle [the plaintiff] to relief." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). In deciding a motion under Fed. R. Civ. P. 12(b)(6), the Court must accept all the allegations contained in the plaintiff's complaint as true and construe the complaint "liberally in favor of the party opposing the motion." *Id.* at 377. While the Court is obliged to accept as true the well-pleaded allegations in the complaint, the Court need not accept as true the "bare assertion of legal conclusions." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court also need not accept "unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Nevertheless, the Court can only grant a motion to dismiss when the facts of the complaint show that there is an insuperable bar to relief for the plaintiff.

## III. Discussion

The Ohio Revised Code provides four independent avenues through which an employee may pursue a claim of age discrimination. The four statutory provisions, all of which are found in Ohio Revised Code Chapter 4112, are as follows: (1) § 4112.02(N), which creates a civil action for violations of subsections (A) or (B) of that section;[1] (2) § 4112.05, which provides for an

---

[1] Ohio Rev. Code § 4112.02 states in relevant part:
It shall be an unlawful discriminatory practice:
(A) For any employer, because of the race, color, religion, sex, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.
. . .
(N) An aggrieved individual may enforce the individual's rights relative to discrimination on the basis of age as provided for in this section by instituting a civil action, within one hundred eighty days after the alleged unlawful discriminatory practice occurred, in any court with jurisdiction for any legal or

(continued...)

Case No. 5:04-cv-02581
Gwin, J.

administrative remedy, permitting the employee to bring a complaint before the Ohio Civil Rights Commission;[2] (3) § 4112.14(B), which permits a civil action for a violation of subsection (A) of that section;[3] and (4) § 4112.99, which permits a civil action for a violation of any provision of Chapter 4112.[4] In several provisions, Chapter 4112 makes each of the first three remedies, expressly exclusive.[5] The fourth possible remedy, § 4112.99 is not subject to an express election of remedies clause. However, the general consensus among Ohio courts is that the election of remedies scheme applies to age discrimination claims brought under § 4112.99. *See Balent v. Natl. Revenue Corp.*,

---

[1](...continued)
equitable relief that will effectuate the individual's rights.

[2] Ohio Rev. Code § 4112.05(B)(1) states in relevant part:
Any person may file a charge with the commission alleging that another person has engaged or is engaging in an unlawful discriminatory practice. In the case of a charge alleging an unlawful discriminatory practice described in division (A), (B), (C), (D), (E), (F), (G), (I), or (J) of section 4112.02 or in section 4112.021 or 4112.022 of the Revised Code, the charge shall be in writing and under oath and shall be filed with the commission within six months after the alleged unlawful discriminatory practice was committed.

[3] Ohio Rev. Code § 4112.14 states in relevant part:
(A) No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.
(B) Any person aged forty or older who is discriminated against in any job opening or discharged without just cause by an employer in violation of division (A) of this section may institute a civil action against the employer in a court of competent jurisdiction.

[4] Ohio Rev. Code § 4112.99 states, "Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief."

[5] Ohio Rev. Code § 4112.08 states, "any person filing a charge under division (B)(1) of section 4112.05 of the Revised Code, with respect to the unlawful discriminatory practices complained of, is barred from instituting a civil action under section 4112.14 or division (N) of section 4112.02 of the Revised Code." Similarly, Ohio Rev. Code § 4112.02(N) states, "A person who files a civil action under this division is barred, with respect to the practices complained of, from instituting a civil action under section 4112.14 of the Revised Code and from filing a charge with the commission under section 4112.05 of the Revised Code." Finally, Ohio Rev. Code § 4112.14(B) states, "any person instituting a civil action under this section is, with respect to the practices complained of, thereby barred from instituting a civil action under division (N) of section 4112.02 of the Revised Code or from filing a charge with the Ohio civil rights commission under section 4112.05 of the Revised Code."

-4-

Case No. 5:04-cv-02581
Gwin, J.

93 Ohio App.3d 419, 638 N.E.2d 1064, 1067 (10th Dist. 1994); *Vinson v. Diamond Triumph Auto Glass,* 149 Ohio App.3d 605, 609, 778 N.E.2d 149, 151 (2nd Dist. 2002); *Borowski v. State Chemical Manufacturing Co.,* 97 Ohio App.3d 635, 642, 647 N.E.2d 230, 235 (8th Dist. 1994); *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001); *Woods v. Vermilion Local School Dist.*, No. 3:98CV7462, 1999 WL 652019, at *5 (N.D. Ohio Aug. 9, 1999); *Talbott v. Anthem Blue Cross and Blue Shield*, 147 F. Supp.2d 860, 863 (S.D. Ohio 2001).

In the present case, the plaintiffs' amended complaint states only that they allege employment discrimination on the basis of age in violation of the Ohio Revised Code. The amended complaint did not state which provision of Chapter 4112 it relied upon. When ruling on the defendant's motion for summary judgment, this Court inadvertently characterized the plaintiffs' state law age discrimination claims as falling under Ohio Rev. Code § 4112.02. By doing so, the Court could not foreclose the plaintiffs' ability to elect a remedy under Chapter 4112 that was otherwise pled. As such, the Court now considers whether the plaintiffs' claims would survive under either § 4112.02, § 4112.14, or § 4112.99 – the three statutory remedies described above that permit a civil action as opposed to an administrative remedy.

The defendant argues that the applicable statutes of limitations for § 4112.02 and § 4112.99 would stop any resort to those provisions. Additionally, the defendant claims that because the plaintiffs each filed a claim with the EEOC prior to bringing this suit, they have elected the administrative remedy set forth in § 4112.05, and are now precluded from asserting civil claims under either § 4112.02, § 4112.14, or § 4112.99. The Court addresses each of these arguments below.

*A. The Relevant Statutes of Limitations*

Case No. 5:04-cv-02581
Gwin, J.

The parties do not dispute that the plaintiffs' claims fall outside of the limitations period for the first possible statutory remedy. Ohio Rev. Code § 4112.02(N), explicitly limits the time within which an employee can bring a claim under that section to 180 days. The plaintiffs did not file the instant suit until December 30, 2004, just over one year after the alleged discriminatory events took place. Therefore, the statute of limitations stops any claim under Ohio Rev. Code § 4112.02(N).

In contrast to Ohio Rev. Code § 4112.02, § 4112.14 contains no explicit limitations period. Prior to its recodification in 1995, § 4112.14 appeared at § 4101.17. In 1984, the Ohio Supreme Court described the statute of limitations for § 4101.17 in *Morris v. Kaiser Engineers, Inc.*, 14 Ohio St. 3d 45, 48, 471 N.E.2d 471, 475 (Ohio 1984). In determining whether the 180-day statute of limitations for § 4112.02(N) also applied to § 4101.17, the *Morris* court found that the Ohio General Assembly intended to create independent avenues for an employee to pursue a claim of age discrimination. *Id.* at 474-75. The court thus held that § 4101.17 was not subject to § 4112.02(N)'s statute of limitations. Instead, the court concluded that the Ohio General Assembly intended the general six-year limitations period set forth in § 2305.07[6] to apply to age discrimination claims under § 4101.17. *Id* at 475.

In *Ziegler*, 249 F.3d at 518, the Sixth Circuit relied on the *Morris* court's holding and found that § 4112.14 was similarly subject to § 2305.07's six-year limitations period. *See also Kaltenmark v. K-Mart, Inc.*, No. 1:04CV2347, 2005 WL 2406147, at *2 (N.D. Ohio Sept. 29, 2005) (applying a six-year statute of limitations to a claim premised on § 4112.14). While the Supreme Court of Ohio has yet to rule on this issue, several Ohio appellate courts are in accord with this conclusion.

---

[6] Ohio Rev. Code § 2305.07 states, "Except as provided in sections 126.301 and 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."

-6-

Case No. 5:04-cv-02581
Gwin, J.

*See Camardo v. QualChoice, Inc.*, No. 84954, 2005 WL 926998, at *2 (Ohio App. 8th Dist. Apr. 1, 2005); *Ferraro v. B.F. Goodrich Co.*, 149 Ohio App.3d 301, 310, 777 N.E.2d 282, 289 (9th Dist. 2002)("we join our sister districts in concluding that the limitations period applicable to [Ohio Rev. Code §] 4112.14 age-discrimination claims is six years."); *Lehmann v. AAA Cincinnati*, No. C-980163, 1999 WL 162151, at *1 (Ohio App. 1st. Dist. Mar. 26, 1999); *Leonardi v. Lawrence Indus., Inc.*, No. 72313, 1997 WL 547825, at *3 (Ohio App. 8th Dist. Sept. 4, 1997). Thus, to the extent the plaintiffs' bring their age discrimination claims under § 4112.14, they fall safely within the limitations period.

This leaves § 4112.99, which also has no explicit statute of limitations. In order to determine the appropriate statute of limitations for actions brought under § 4112.99, the court must first look to the general nature of that provision. In *Elek v. Huntington Natl. Bank*, 60 Ohio St.3d 135, 573 N.E.2d 1056 (Ohio 1991), the Supreme Court of Ohio held that Ohio Rev. Code § 4112.99 does not simply recapitulate specific civil remedies available under other provisions of Chapter 4112, but rather provides an independent action for violations of Chapter 4112. Recognizing that its ruling might result in situations in which the general language of § 4112.99 would conflict with more specific language, the Ohio Supreme Court clarified that courts should apply existing rules of statutory construction to address such conflicts. *Id.* at 137, 573 N.E.2d 1058. One such rule of statutory construction provides that a specific statutory provision prevails over a general statutory provisions. Ohio Rev. Code § 1.51; *see also Bellian v. Bicron Corp.*, 69 Ohio St.3d 517, 519, 634 N.E.2d 608, 610 (Ohio 1994).

As a result, § 4112.99 uses the substantive characteristics of the provision upon which the action is ultimately premised. Thus, the statute of limitations for § 4112.99 differs depending on the

-7-

Case No. 5:04-cv-02581
Gwin, J.

underlying provision for which a § 4112.99 action is premised. For example, the Ohio Supreme Court has held that in cases where a § 4112.99 action is premised on a provision of Chapter 4112 for which there is no independent cause of action, § 4112.99 takes on a remedial nature and "is thus subject to [Ohio Rev. Code §] 2305.07's six-year statute of limitations." *Cosgrove v. Williamsburg of Cincinnati Management Co. Inc.*, 70 Ohio St.3d 281, 282, 638 N.E.2d 991, 992 (Ohio 1994).

In contrast, where a § 4112.99 action is premised some violation of Chapter 4112 for which there exists an explicit civil remedy, the statute of limitations applying to that remedy would also apply to an action under § 4112.99. *See id.* at 290-91, 638 N.E.2d at 998. In *Bellian*, 69 Ohio St.3d at 519-20, 634 N.E.2d at 610, the Ohio Supreme Court dealt with this issue in the context of age discrimination. There, the plaintiff brought an age discrimination claim under § 4112.99 that was premised on a violation of § 4112.02. The plaintiff argued that its claim was subject to the six-year statute of limitations generally applicable to claims brought under § 4112.99, rather than the 180-day statute of limitations set forth in § 4112.02(N). Applying the general principle of statutory construction that a specific statutory provision prevails over a general provision, the *Bellian* court held that because the plaintiff's claim was premised on a violation of § 4112.02, the specific statute of limitations set forth in § 4112.02(N) was controlling. *Id.*

In holding as such, the *Bellian* court stated that "*any* age-based employment discrimination claim, premised on a violation described in [Ohio Rev. Code] Chapter 4112, must comply with the one-hundred-eighty-day statute of limitations period set forth in [Ohio Rev. Code §] 4112.02(N)." *Id.* at 520, 634 N.E.2d at 610 (emphasis added).

The defendant now relies on this holding to suggest that any claim that the plaintiffs might raise under § 4112.99 would be barred by § 4112.02(N)'s 180-day statute of limitations. However,

Case No. 5:04-cv-02581
Gwin, J.

the defendant fails to address the effect of the Ohio legislature's addition of § 4112.14 to Chapter 4112 on the holding in *Bellian*, 69 Ohio St.3d at 520, 634 N.E.2d at 610. Indeed, at the time the Ohio Supreme Court considered *Bellian*, Chapter 4112 contained only one specific statutory remedy for age discrimination, whereas it now contains two. *See* Ohio Rev. Code §§ 4112.02(N), 4112.14. Moreover, since that time, the Sixth Circuit, interpreting *Bellian*, 69 Ohio St.3d at 520, 634 N.E.2d at 610, and other Ohio law, has held that the action created in § 4112.14 is entirely independent from the action created in § 4112.02(N). *See Ziegler*, 249 F.3d at 518 (finding that the *Bellian* court's holding did not apply to § 4112.14, as that statute appeared in a different chapter of the Ohio Revised Code at the time the court issued its ruling). Thus, while it is thus settled that a § 4112.99 age discrimination claim premised upon a violation of § 4112.02 is subject to the 180-day statute of limitations set forth in § 4112.02(N), the statute of limitations applicable to a § 4112.99 age discrimination claim premised upon a violation of § 4112.14 remains unsettled.

Applying the same reasoning the Ohio Supreme Court used in *Bellian*, 69 Ohio St.3d at 519-20, 634 N.E.2d at 610[7], this Court finds that a § 4112.99 age discrimination claim premised upon § 4112.14 rather than § 4112.02 is subject to § 4112.14's six-year statute of limitations. *See Kaltenmark*, 2005 WL 2406147, at *2 ("In the event plaintiff's 4112.99 claim is premised on Section 4112.14, a six-year statute of limitations applies."). As discussed above, § 4112.14 and § 4112.02 provide independent avenues for bringing an alleged age discrimination. An employee may also choose to bring such a claim under § 4112.99. In that event, the employee can premise the claim

---

[7] Federal courts generally must apply state law "in accordance with the then controlling decision of the highest state court." *United States v. Anderson County, Tennessee*, 761 F.2d 1169, 1173 (6th Cir. 1985). When the state's highest court has yet to address the particular issue, a federal court must ascertain what that court's decision would be if faced with such an issue by garnishing whatever available information it can from lower court decisions, restatements of law, and law review commentary. *Grantham & Mann, Inc. v. American Safety Prod., Inc*., 831 F.2d 596, 608 (6th Cir. 1987).

Case No. 5:04-cv-02581
Gwin, J.

on a violation of any provision of Chapter 4112. When a claim is premised on a violation of § 4112.02, the more specific statute of 180-day limitations provision appearing in that section will control. However, that limitations period does not apply to the cause of action created in § 4112.14. Thus, where an employee premises a § 4112.99 age discrimination claim on § 4112.14, the claim is subject to the six-year statute of limitations generally attaching to claims under § 4112.14.

The Court thus finds that to the extent the plaintiffs bring their age discrimination claims under § 4112.14 or under § 4112.99 but premised on a violation of § 4112.14, their claims fall safely within the applicable six-year statute of limitations.

### *B. Election of Remedies*

The defendant next argues that even if the plaintiffs' claims are not barred by the statute of limitations, the plaintiffs are precluded from seeking a remedy under § 4112.02(N), § 4112.14, or § 4112.99 because the plaintiffs pursued the administrative remedy set forth in § 4112.05. As discussed above, Ohio Rev. Code Chapter 4112 includes an election of remedies scheme with regard to age discrimination claims. If an employee elects to pursue a claim with the Ohio Civil Rights Commission, he cannot later assert a civil claim under § 4112.02(N), § 4112.14, or § 4112.99. *See Ziegler*, 249 F.3d at 512.

In this case, the plaintiffs first ague that § 4112.99 is not subject to the statutory election of remedies scheme. Alternatively, the plaintiffs say that even if it is, filing a claim with the EEOC cannot be equated with filing a claim with the Ohio Civil Rights Commission.

The Court points out above that the general consensus among Ohio and federal courts is that the election of remedies scheme does apply to age discrimination claims brought under § 4112.99. *See Balent*, 93 Ohio App.3d at 419, 638 N.E.2d at 1067; *Vinson,* 149 Ohio App.3d at 609, 778

Case No. 5:04-cv-02581
Gwin, J.

N.E.2d at 151; *Borowski,* 97 Ohio App.3d at 642, 647 N.E.2d at 235; *Ziegler*, 249 F.3d at 512; *Woods*, 1999 WL 652019, at *5; *Talbott*, 147 F. Supp.2d at 863.[8/]

Thus, whether the plaintiffs assert their claims under § 4112.14 or § 4112.99 for a violation of § 4112.14, their claims are subject to Chapter 4112's election of remedies scheme. Central to this determination is whether the plaintiffs act of filing a charge with the EEOC is equivalent to electing an administrative remedy under § 4112.05. For the reasons stated below, the Court finds that it cannot.

As stated above, anytime a state's highest court has not ruled on a particular issue of state law, this Court must look to other sources such as dicta from relevant decisions of the highest court, lower state court opinions, and law review analysis in order to ascertain what the highest court would ultimately decide if faced with that issue. *Grantham & Mann*, 831 F.2d at 608. This Court is to give effect to lower state court rulings, but need not follow such rulings if it finds other evidence to be more persuasive. *Id.* at 608-09. Additionally, as in all cases, this Court must also respect prior Sixth Circuit rulings addressing the instant matter.

---

[8/] In the past, a few courts have found that when a plaintiff brings an action under § 4112.99 that is premised on a violation of § 4112.02(A), the election of remedies scheme set forth in §§ 4112.02(N), 4112.08, and 4112.14 does not apply to the claim. *See Sterry v. Safe Auto Insurance Co.*, No. C2-02-1271, 2003 WL 23412974, at *12-13 (S.D. Ohio Aug. 25, 2003). There, the Court reasoned that because the explicit election of remedies clause set forth in § 4112.08 states that a plaintiff who pursues an administrative remedy under § 4112.05 is barred from asserting a claim under § 4112.02(N) specifically, a claim premised on a general violation of § 4112.02(A) would not be subject to that restriction. *See id.* This Court disagrees with the *Sterry* court's reasoning on the basis that even if the plaintiff premised a § 4112.99 claim under § 4112.02(A) rather than § 4112.02(N), the more specific provisions appearing in § 4112.02 in general would still apply to a claim pursued under § 4112.99. Indeed, the *Sterry* court found that a claim pursued under § 4112.99 that arises from a violation of § 4112.02(A) would still be subject to § 4112.02(N)'s 180-day statute of limitations. The Court sees no reason why such a claim would not similarly be subject to the election of remedy scheme set forth in § 4112.02(N).

In any case, to the extent that the plaintiffs now attempt to assert such a claim as discussed in *Sterry*, 2003 WL 23412974, at *12-13, it is barred by the applicable 180-day statute of limitations. With regard to a § 4112.99 claim premised on a violation of § 4112.14, the courts appear to agree that Chapter 4112's election of remedy scheme applies. *See id.*

Case No. 5:04-cv-02581
Gwin, J.

The filing of an administrative charge is a prerequisite to the commencement of a federal suit under the ADEA, 29 U.S.C. § 621 *et seq.* Moreover, Ohio is a deferral state under the ADEA. As a result, all claims filed with the EEOC office in Ohio are also forwarded to the Ohio Civil Rights Commission. This leaves plaintiffs who wish to file both federal and state claims for age discrimination in a catch-22. To preserve their federal claim they will have to file an administrative claim with both the EEOC and the ADEA. If the mere filing of an administrative claim for the purposes of preserving one's rights to file an federal ADEA claim is as an election of the administrative remedy set forth in Ohio Rev. Code § 4112.05, then a plaintiff will simultaneously be precluded from seeking any judicial remedy under state law.

Recognizing this quandary in *Morris*, 14 Ohio St.3d at 47, 471 N.E.2d at 474, the Supreme Court of Ohio noted the need to avoid an interpretation of the Ohio Revised Code that would "prevent Ohio plaintiffs from joining claims under the ADEA with either of the judicial remedies provided by the Revised Code." The *Morris* court held a claimant who had previously filed a claim of age discrimination under § 4101.17 (§ 4112.14, prior to recodification) was not barred from later filing a charge with the Ohio Civil Rights Commission under § 4112.05 in order to meet the prerequisites for filing a federal age discrimination claim. *Id.* Thus, while the Ohio Supreme Court has not spoken directly to whether an EEOC filing equates with the election of an administrative remedy under § 4112.05, it has expressed an unwillingness to interpret Chapter 4112's election of remedy scheme to preclude an individual from pursuing both a federal and state claim for age discrimination.

Since that time, the Sixth Circuit has issued several opinions echoing the principle that the *Morris* court set forth. For example, in *Lafferty v. Coopers & Lybrand*, No. 87-3221, 841 F.2d 1126,

Case No. 5:04-cv-02581
Gwin, J.

1998 WL 19182, at *4 (6th Cir. Mar. 8, 1988), the Sixth Circuit found that a plaintiff who filed an age discrimination charge with the EEOC was not barred from pursuing a state age discrimination claim. There, the court explained that:

> Plaintiff, as required by federal law as a prerequisite to filing a claim under ADEA, informed the Ohio Civil Rights Commission of his charge. The charge would be processed by the EEOC and not by the state agency. There is no indication that Ohio intended to bar a plaintiff who went to the EEOC, seeking no remedy from the Ohio Civil Rights Commission, from pursuing a claim under section 4101.17 where filing with the EEOC is required for the filing of a federal claim. Defendant's interpretation would effectively mean that Ohio barred federal court pendent jurisdiction of claims under section 4101.17. Whether Ohio could do this if it wished or not, we do not believe it is the result envisioned by the Ohio legislature. The reasoning of *Morris, supra*, strongly supports this interpretation.

*Id.* Similarly, the Sixth Circuit stated in *McLaughlin v. Excel Wire and Cable, Inc.*, No. 85-3258, 787 F.2d 591, 1986 WL 16659, *3-4 (6th Cir. Mar. 24, 1986):

> Filing a charge with the E.E.O.C. simply cannot be equated with instituting an action with the O.C.R.C. Next, we find no support for the district court's holding in the Ohio statutes. Section 4112.05 and 4112.08 of the Ohio Revised Code clearly preclude the judicial remedies under state law only if a charge, in writing and under oath, is filed with the O.C.R.C. within six months of an alleged discriminatory practice. Finally, since a filing with the E.E.O.C. is a prerequisite to bringing a subsequent suit under the ADEA, adoption of the district court's holding would foreclose ever bringing an action alleging age discrimination violative of both the ADEA and Ohio law in federal court. Such a result would run contrary to the interrelated and complementary nature of federal and state employment discrimination procedures.

*Id.* (internal citations omitted). *See also Baker v. Siemens Energy & Automation, Inc.*, 838 F. Supp. 1227, 1233-34 (S.D. Ohio 1993); *Carr v. French Oil Mill Machinery Co.*, 746 F. Supp. 700, 703-05 (S.D. Ohio 1989); *Pitts v. Dayton Power Light & Co.*, 748 F. Supp. 527, 530 (S.D. Ohio 1989) (holding that the "Ohio Supreme Court would conclude that a claimant who has previously filed a claim with the Ohio Civil Rights Commission for the purposes of meeting the requirements of the ADEA, is *not* precluded from filing an age discrimination action under Ohio Rev. Code §

-13-

Case No. 5:04-cv-02581
Gwin, J.

4101.17.").

Several recent federal court decisions disregard the Sixth Circuit holdings and hold that the mere filing of a charge with the EEOC qualifies as an election of remedy pursuant to § 4112.05 and precludes the plaintiff from seeking a judicial remedy under state law. *See Williams v. Allstate Insurance Company*, No. 5:04CV2435, 2005 WL 1126761, at *4 (N.D. Ohio Apr. 19, 2005); Gray v. Allstate Insurance Company, No. 1:03-CV-910, 2005 WL 2372845, at *6 (S.D. Ohio Sept. 26, 2005). In *Williams*, 2005 WL 1126761, at *2-3, the court based its departure from sixth circuit precedent largely on the fact that the Sixth Circuit did not expressly consider Ohio Administrative Code § 4112-3-01(D)(3), which states that "[a] charge filed with either the Equal Employment Opportunity Commission (EEOC) . . . which lists the commission as the deferral/referral agency, or which is received by the commission for investigation, is deemed filed with the commission on the date the charge is received at one of the commission's offices." The court noted that "[s]ome [state] courts have looked to this language in concluding a state law discrimination lawsuit is barred under the election of remedies doctrine when a charge of discrimination is filed directly with the EEOC." *Williams*, 2005 WL 1126761, at *2 (citing *Williams v. Rayle Coal Co.*, No. 96-BA-42, 1997 WL 598091, at *3 (Ohio App. 7th Dist. Sept. 19, 1997); *Schwartz v. Comcorp, Inc.*, 91 Ohio App.3d 639, 633 N.E.2d 551 (8th Dist. 1993); *Fowler v. Hudson Foods*, 96 Ohio Misc.2d 19, 708 N.E.2d 792, 795 (Ohio Ct. Com. Pl. 1998)).

While the Court recognizes these state court holdings, it does not find them sufficiently persuasive to overcome the strong policy consideration that the Supreme Court of Ohio has expressed against interpreting Ohio Rev. Code Chapter 4112 in such a way as to prevent plaintiffs from asserting pendant claims for age discrimination under both federal and state law. *See Morris*,

-14-

Case No. 5:04-cv-02581
Gwin, J.

14 Ohio St.3d at 47, 471 N.E.2d at 474.

Moreover, the Court notes that Ohio Administrative Code § 4112-3-01(D)(3) appears under the heading "Time of Filing." It merely provides a guideline for determining the date upon which a charge is "deemed filed" with the Ohio Civil Rights Commission for the purpose of determining whether the filing is timely. In doing so, Ohio Administrative Code § 4112-3-01(D)(3) simply reiterates Ohio's status as a deferral state under the ADEA, recognizing that any charge filed with the EEOC will subsequently be filed with the Ohio Civil Rights Commission. It states nothing about the effect of such a filing on a plaintiff's own election of a remedy under Chapter 4112.

The Court thus finds that it cannot equate the mere filing of an age discrimination charge with the EEOC with the election of an administrative remedy under § 4112.05. Here, the plaintiffs filed charges with the EEOC pursuant to the requirements of the ADEA, 29 U.S.C. § 626. In doing so, the plaintiffs did not elect the remedy set forth in § 4112.05 and thus are not precluded from seeking a judicial remedy under § 4112.14 or § 4112.99.

Additionally, this Court also finds that even if the Ohio Supreme Court were to decide that filing a charge with the EEOC is to be equated with commencing an action with the Ohio Civil Rights Commission, the plaintiffs' claims would still fall within the exception that exists for plaintiffs who file an administrative charge solely for the purpose of preserving their ADEA claims. Here, the Court again must reconcile the recent caselaw which tends to suggest that in order to qualify for this exception, the plaintiff must expressly indicate in the charge that he or she is filing it solely for jurisdictional purposes. *See Williams*, 2005 WL 1126761, at \*4. Perhaps seizing on these strict pronouncements, the defendant argues that the fact that the plaintiffs did not explicitly state on their EEOC charges that they were filing the complaints merely for jurisdictional purposes

-15-

Case No. 5:04-cv-02581
Gwin, J.

automatically excludes the plaintiffs from this exception. In the past, however, other courts have defined this exception more broadly.

This Court however, cannot agree with such a strict characterization of the exception in question. First, as precedent for the exception, the court in *Williams* cited *Woods*, 1999 WL 652019, and *Borowski*, 97 Ohio App.3d at 635, 647 N.E.2d at 230. In *Borowski*, 97 Ohio App.3d at 642, 647 N.E.2d at 234-35, the court cites the fact that the plaintiff filed an letter with the Ohio Civil Rights Commission stating that he was filing his claim only to perfect a claim under the ADEA as evidence that the plaintiff's claim fell within the exception, but pointed to no precedent specifically requiring such a showing.

Similarly, in *Woods*, 1999 WL 652019, at *4, the court cites *Borowski*, 97 Ohio App.3d at 642, 647 N.E.2d at 234-35 and *Baker*, 838 F. Supp. at 1233. Like the *Borowski* court, the court in *Baker*, 838 F. Supp. at 1234, did not require the specific showing suggested in *Williams*, 2005 WL 1126761, at *4. Instead, the court stated only that "an age discrimination claimant who has previously filed a charge with the Ohio Civil Rights Commission for the sole purpose of fulfilling the requirements of the section 633(a) of ADEA, is not precluded from filing an age discrimination action under Ohio Revised Code §§ 4112.02(N) and 4112.99." The court stated nothing about requiring an explicit statement upon filing the charge with the EEOC or Ohio Civil Rights Commission that the plaintiff is filing the charge solely to preserve his or her federal claim. *See also Uscilowski v. MCL Cafeterias, Inc.* 2001 WL 242584, at *6 (S.D. Ohio 2001) ("[S]everal courts have suggested, and at least one court has held, that if it is apparent that the administrative claim, even though filed prior to the institution of judicial proceedings, was submitted for no purpose other than to preserve an ADEA claim for later filing, no election of remedies has occurred.").

Case No. 5:04-cv-02581
Gwin, J.

Based on the principles set forth by the Supreme Court of Ohio in *Morris*, 14 Ohio St.3d at 47, 471 N.E.2d at 474, and the Sixth Circuit in *Lafferty*, 1998 WL 19182, at *4, this Court finds that the exception discussed above is broad enough to encompass situations in which the plaintiffs can point to some behavior tending to show that they filed claims with the EEOC merely to preserve a federal claim.

Contrary to the defendant's assertion, the Court finds sufficient evidence from the plaintiffs' EEOC filings that they did not intend to commence an administrative action within the Ohio Civil Rights Commission, but were merely attempting to preserve their ability to later pursue a claim under the ADEA. First, in a letter attached to the EEOC. sent at some time prior to or simultaneously with the submission of the charges, the plaintiffs' counsel stated, "Although I understand that your office has a work-sharing agreement with the Ohio Civil Rights Commission, it is requested that your office retain the charges for investigation." Pl. ex. A, Doc. No. 84, at 2. Moreover, on each of the charge forms submitted to the EEOC, in the space where the plaintiffs are to check the agency or agencies to which they would like to submit the charges, the plaintiffs checked only the EEOC. Finally, the plaintiffs point out that they did not have the charge forms notarized, as is required under Ohio Administrative Code § 4112-3-01(B)(1)[9/] to properly initiate an action with the Ohio Civil Rights Commission.[10/]

Despite the evidence presented above, the defendant argues that the plaintiffs still intended

---

[9/] Ohio Administrative Code Section 4112-3-01(B)(1) states in relevant part, "the charge shall be in writing, the original being signed and sworn to or affirmed by the complainant before a notary public or other person duly authorized by law to administer oaths."

[10/] The Court notes that the fact that the plaintiffs did not have their charges notarized does not prevent the court from finding that they made a sufficient administrative filing to comply with the requirements of the ADEA for preserving their federal claims. *See Morris*, 14 Ohio St.3d at 46, 471 N.E.2d at 473-74 (citing 29 U.S.C. § 633(b)) ("The language of the ADEA is clear that, for purposes of commencing a state proceeding under the ADEA, all a plaintiff is required to do is present the state agency with a written and signed statement describing his claim of discrimination.").

Case No. 5:04-cv-02581
Gwin, J.

that their charges be submitted to the Ohio Civil Rights Commission as well as the EEOC. The defendant points to the fact that the form lists the Ohio Civil Rights Commission in the space asking for the appropriate state agency. Additionally, the form states in small print above each plaintiff's signature, "I want this charge filed with both the EEOC and State or local Agency, if any." However, after examining a blank charge form provided to the Court by the Cleveland EEOC office, the Court finds that a standard form already lists the "Ohio Civil Rights Commission" as the corresponding state agency. Moreover, the language appearing above the plaintiffs' signatures is mere form language and does not contradict clear evidence of the plaintiffs' intent. *See Borowski*, 97 Ohio App.3d at 642, 647 N.E.2d at 234 (holding that signing a form with similar "boilerplate language" did not preclude a finding that the plaintiff did not elect an administrative remedy by filing a charge with the Ohio Civil Rights Commission). Thus, while the EEOC ultimately did submit the charges to the Ohio Civil Rights Commission, the plaintiffs had already sufficiently indicated that they did not wish to initiate administrative proceedings within the Ohio Civil Rights Commission to preserve their right to seek a judicial remedy under state law.

### IV. Conclusion

For the reasons stated above, this Court DENIES the defendant's motion to dismiss the Plaintiffs' state law age discrimination claims. The Court finds that the mere act of filing a charge with the EEOC does not bar the plaintiffs from electing a judicial remedy for their age discrimination claims under Ohio Rev. Code Chapter 4112. Additionally, the Court finds that to the extent the plaintiffs bring their claims under § 4112.14 or under § 4112.99 but premised on a violation of § 4112.14, their claims falls safely within the applicable six-year statute of limitations.

Case No. 5:04-cv-02581
Gwin, J.

IT IS SO ORDERED.

Dated: January 10, 2006          s/ *James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE